**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ANTIONETTA ALDRIDGE,

     Plaintiff,

v.

NICMOY HOME CARE SERVICES LLC,
and ILEENE N. PARKER-SMITH,

     Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff ANTIONETTA ALDRIDGE ("Aldridge") brings this action against Defendants NICMOY HOME CARE SERVICES LLC ("Nicmoy") and ILEENE N. PARKER-SMITH ("Parker-Smith") and alleges as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Nicmoy was a Florida corporation that regularly transacted business in Broward County, Florida.

4.    Upon information and belief, Nicmoy's gross sales or business generated was over $500,000 per year at all times material hereto.

1

5.      Nicmoy has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

6.      Nicmoy was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7.      At all times material hereto, Aldridge was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

8.      Aldridge engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

9.      Parker-Smith is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Nicmoy, ran the day-to-day operations, had operational control over Nicmoy, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

10.     Nicmoy operates a business engaged in home healthcare services.

11.     Aldridge worked for Defendants as a home health aide.

12.     Defendants failed to pay Aldridge's full and proper minimum wages.

13.     Defendants failed to pay Aldridge's full and proper overtime wages.

14.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

15.     Attached as **Exhibit A** is a preliminary calculation of Aldridge's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

16.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**AGAINST ALL DEFENDANTS**

17.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

19.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382

3